1                   UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF TEXAS
2                         DALLAS DIVISION

3      ****************************************************************

4      UNITED STATES OF AMERICA

5
       VS.                          CASE NO.   3:21-cr-00440-M(3)
6

7      RICHARD SPEIGHTS, JR.

8      ****************************************************************

9                   TRANSCRIPT OF ARRAIGNMENT HEARING
            HEARD BEFORE THE HONORABLE RENEE HARRIS TOLIVER
10                  UNITED STATES MAGISTRATE JUDGE

11                        JANUARY 24, 2023

12     ****************************************************************

13     APPEARANCES:

14     FOR THE GOVERNMENT:

15     Carlos Antonio Lopez
       U.S. DEPARTMENT OF JUSTICE
16     Criminal Division, Fraud Section
       1100 Commerce Street
17     Suite 300
       Dallas, Texas 75242
18     carlos.lopez@usdoj.gov

19
       FOR THE DEFENDANT:
20
       Elisha Kobre
21     BRADLEY ARANT BOULT CUMMINGS, LLP
       1445 Ross Avenue
22     Suite 3600
       Dallas, Texas 75202
23     ekobre@bradley.com

24

25

```
 1                     A P P E A R A N C E S
                            (Continued)
 2

 3       FOR THE DEFENDANT:

 4       Lane Webster
         BRADLEY ARANT BOULT CUMMINGS, LLP
 5       1445 Ross Avenue
         Suite 3600
 6       Dallas, Texas 75202
         lwebster@bradley.com
 7

 8       Official Court Stenographer:

 9       Thu Bui, CSR, RMR, CRR
         1100 Commerce Street, #1654
10       Dallas, Texas 75242
         (214) 753-2354
11

12

13

14

15

16

17

18

19

20

21

22

23

24           Proceedings recorded by mechanical stenography,

25       transcript produced via computer.
```

1                         I N D E X

2                                                          PAGE

3    Appearances...........................          1

4    Proceedings...........................          4

5    Adjournment...........................         30

6    Reporter's Certificate................         31

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**P R O C E E D I N G S**

1

2    (Call to order of the court.)

3    THE COURT:  I'm going to ask you all to stand wherever

4    the marshals direct while I call the last case scheduled on the

5    docket this morning, and that is Case Number 3:21-cr-440-M,

6    United States of America versus Richard Speights.

7    MR. KOBRE:  Speights.

8    THE COURT:  Speights?

9    THE DEFENDANT:  Yes, ma'am.  Speights.

10   THE COURT:  And who's appearing for the Government?

11   MR. LOPEZ:  On behalf of the United States, Carlos

12   Lopez, Your Honor.

13   THE COURT:  Thank you.

14   MR. KOBRE:  Elisha Kobre and Lane Webster on behalf of

15   Mr. Speights.  Good morning, Your Honor.

16   THE COURT:  Thank you.

17   And who is going to be leading?

18   MR. KOBRE:  I will.

19   THE COURT:  Mr. Speights, will you state your full

20   name.

21   THE DEFENDANT:  Richard Jack Speights, Jr.

22   THE COURT:  And will you raise your right hand and be

23   sworn.

24   (Whereupon, the oath was administered by the courtroom deputy.)

25   THE COURT:  Mr. Speights, you're now under oath and

1   that means that if you give any false answers to any of my

2   questions, those answers may later be used against you in

3   prosecution for perjury or making a false statement.  Do you

4   understand that?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Sir, you have the right to proceed with

7   your proposed guilty plea before District Judge Barbara Lynn to

8   whom your case is assigned.  You may, however, consent to enter

9   in your guilty plea before me, the magistrate judge.

10  Mr. Speights, it is your choice and, either way, it's going to

11  be Judge Lynn who sentences you.  Do you understand that?

12         THE DEFENDANT:  Yes, ma'am.

13         THE COURT:  In your case, I've received a written

14  consent to proceed before me, the magistrate judge, with your

15  guilty plea.  I'm showing you that now.

16             Is that your signature on the consent?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  Before you signed the consent, did you

19  discuss with one or both of your attorneys your right to

20  consent or not to consent to enter in your guilty plea before

21  me, the magistrate judge?

22         THE DEFENDANT:  Yes, I did.

23         THE COURT:  Do you understand your rights in that

24  regard?

25         THE DEFENDANT:  Yes, ma'am.

1      THE COURT:  And do you give your consent, then, sir, to

2  proceed with your guilty plea before me, the magistrate judge?

3      THE DEFENDANT:  Yes, ma'am.

4      THE COURT:  Mr. Speights, then I find you've knowingly

5  and voluntarily waived your right to enter a guilty plea before

6  the district judge and consented to enter your guilty plea

7  before me, the magistrate judge.

8           How old are you, sir?

9      THE DEFENDANT:  52.

10     THE COURT:  And in what year were you born?

11     THE DEFENDANT:  '70.

12     THE COURT:  How far did you go in school?

13     THE DEFENDANT:  Four years of college.

14     THE COURT:  Then you do read, write, and understand

15  English, correct?

16     THE DEFENDANT:  Yes, ma'am.

17     THE COURT:  Within the last six months, have you

18  received care or treatment for any mental health or physical

19  health condition?

20     THE DEFENDANT:  No, ma'am.

21     THE COURT:  Within the last six months, have you been

22  hospitalized or treated for addiction to drugs or for

23  alcoholism?

24     THE DEFENDANT:  No, ma'am.

25     THE COURT:  Do you suffer from any type of emotional or

1    mental disability?

2            THE DEFENDANT:  No, ma'am.

3            THE COURT:  Are you now under the influence of alcohol

4    or any kind of drug?

5            THE DEFENDANT:  No, ma'am.

6            THE COURT:  Sir, are you of sound mind and do you fully

7    understand what it is we're doing here today?

8            THE DEFENDANT:  Yes, ma'am.

9            THE COURT:  And is it your understanding that you're

10   here for the purpose of pleading guilty to Count 1 of the

11   Superseding Indictment in your case, which charges you with

12   conspiring to defraud the United States and to pay and receive

13   health care kickbacks?

14           THE DEFENDANT:  Yes, ma'am.

15           THE COURT:  Mr. Kobre, do you have any reason to

16   believe that Mr. Speights is not fully competent to enter in a

17   guilty plea?

18           MR. KOBRE:  No, Your Honor.

19           THE COURT:  And do you believe that the guilty plea

20   he's proposing to make will be a knowing and voluntary plea?

21           MR. KOBRE:  I do.

22           THE COURT:  Mr. Speights, this is also your first

23   initial appearance in the district court.  So you have the

24   right to remain silent.  You're not required to make a

25   statement.  If you've already made a statement, you don't have

1  to say anything more, and if you start to make a statement, you

2  may stop at any time; however, any statement you make may later

3  be used against you.  Do you understand that?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Sir, you also have the right to be

6  represented by an attorney at all stages of the defense in your

7  case -- I'm going to mention that to you again -- and you have

8  the right to have an attorney appointed to represent you if

9  you're unable to obtain one.  Do you understand?

10         THE DEFENDANT:  Yes, ma'am.

11         THE COURT:  Any questions about that?

12         THE DEFENDANT:  No, ma'am.

13         THE COURT:  Okay.  I am going to, then, proceed to

14  rearraignment on your case as well as all the other gentlemen

15  and Ms. Hernandez.

16              I need to be able to see Ms. Hernandez, so --

17  thank you.  Thank you.

18              I'm going to proceed in each of your cases

19  together at first and that's because I'm going to give you all

20  some general instructions and explanations.  These instructions

21  and explanations are kind of lengthy, and so by giving them to

22  you at the same time we save a little bit of time, but they do

23  apply equally in each of your cases.

24              Each of you may, if you choose, plead not

25  guilty to any offense charged against you or persist in a not

1    guilty plea if one has already been entered.  And if you plead

2    not guilty, the Constitution of the United States guarantees

3    the following rights:

4              The right to a speedy and public trial by a

5    jury in this district;

6              The right at such trial for you to see, hear,

7    and cross-examine all witnesses against you;

8              The right to use the power and process of the

9    court to compel the production of any evidence, including the

10   attendance of any witnesses in your favor;

11             The right to have the assistance of an attorney

12   at all stages of your defense, and the right to have an

13   attorney appointed to represent you if you did not have one;

14             At such trial, you could not be forced or

15   compelled to testify.  Whether you would testify is a matter in

16   which your judgment alone would control.  And at such trial,

17   the United States would be required to prove your guilt beyond

18   a reasonable doubt before you could be convicted.  And if you

19   were convicted, you would have the right to appeal your

20   conviction.

21             Mr. Speights, do you understand that you have

22   all the constitutional rights I've explained to you, sir?

23        THE DEFENDANT:  Yes, ma'am.

24        THE COURT:  On the other hand, Ms. Hernandez and

25   gentlemen, if you plead guilty, there will not be a further

1   trial of any kind.  So by pleading guilty, you will waive your

2   right to trial as well as all those rights associated with

3   trial that I've just explained to you except, of course, your

4   right to always be represented by an attorney.

5                Mr. Speights, do you understand?

6           THE DEFENDANT:  Yes, ma'am.

7           THE COURT:  Generally, a defendant who is accused of a

8   crime cannot plead guilty unless he or she is actually guilty

9   of that criminal offense.  Also, in federal court, it is the

10  judge who determines the penalty if a defendant is convicted,

11  and that's whether that conviction comes upon that defendant's

12  guilty plea or the return of a guilty verdict by a jury.

13                Now, the court has not and will not talk to

14  anyone about the facts of your case except in open court where

15  you and your attorney and the representatives of the Government

16  are all present.  But if you plead guilty, a presentence report

17  is going to be prepared by a probation officer to assist the

18  district judge in sentencing, and the district judge will go

19  over that presentence report with the probation officer outside

20  of your presence.

21                You will likely be asked to give information

22  for that presentence report, and your degree of cooperation

23  could be a factor in how severe your sentence is.  And it's for

24  that reason that your attorney will be ordered to be present at

25  any interview you have with the probation officer.  It is

1    through your attorney that you're going to receive a copy of

2    that presentence report well before your sentencing hearing and

3    have the opportunity to make comments on it and objections to

4    it.  You should know that if you plead guilty, you will be

5    convicted, but you and your attorney will each be given the

6    opportunity to present any pleas and arguments for leniency at

7    sentencing to the district judge.

8                 Now, the penalty will be determined on the

9    basis of the facts that are heard in court and so for that

10   reason, you should never depend or rely upon any statement or

11   promise by anyone, no matter who they are, as to what sentence

12   will be imposed.

13                Should you decide to plead guilty, your guilty

14   plea must not be induced or prompted by any promises, pressure,

15   threats, force, or coercion of any kind.  That's because a

16   guilty plea must be purely voluntary, and so you should plead

17   guilty because you are guilty and for no other reason.

18                Mr. Speights, do you understand my explanations

19   about the process and consequences of pleading guilty?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Under the Sentencing Reform Act of 1984, as

22   construed by the United States Supreme Court, the United States

23   Sentencing Commission has issued advisory guidelines for judges

24   to consider in determining the appropriate sentences in federal

25   criminal cases.

1             Mr. Speights, have you discussed with one or

2    both of your attorneys the charges against you, the matter of

3    sentencing, and how the sentencing guidelines might apply in

4    your case?

5             THE DEFENDANT:  Yes, ma'am.

6             THE COURT:  Even so, Ms. Hernandez and gentlemen, I

7    must inform you that in determining the sentence, it is the

8    court's obligation to calculate the applicable sentencing

9    guideline range and to consider that range as well as any

10   possible departures under the sentencing guidelines and other

11   sentencing factors that are found at 18, United States Code,

12   Section 3553(a).

13            The court is not bound by facts that are

14   stipulated to by you and your attorney on the one hand and the

15   Government on the other.  The court can impose punishment that

16   disregards stipulated facts or that takes into account facts

17   that are not stipulated to.  And in that event, you might not

18   even be permitted to withdraw your guilty plea.

19            Now, the court will not be able to determine

20   what guideline range applies in your case until that

21   presentence report I mentioned earlier has been completed and

22   you, through your attorney, and the Government have had the

23   opportunity to make comments on it and objections to it.  After

24   the court has determined what guideline range is appropriate

25   under the facts of your case, the court has the authority to

1    impose a sentence that is within, above, or below that

2    guideline range so long as the sentence imposed is reasonable

3    and based on the facts and the law.

4            You have the right to appeal the sentence the

5    court imposes unless you waive that right.  Under some

6    circumstances, the Government also has the right to appeal.

7            You should also know that within the federal

8    system, parole has been abolished.  That means that if you are

9    sentenced to a term of imprisonment, you will not be released

10   on parole.

11           Mr. Speights, do you understand what I've

12   explained about sentencing?

13       THE DEFENDANT:  Yes, ma'am.

14       THE COURT:  At this time I am going to proceed in your

15   case separately.  And for the attorney's benefit, I'm going --

16   benefits, I'm going to proceed in the order that I first called

17   the cases.  And so at this time I'm going to ask everyone,

18   except Mr. Griffin and his attorney, to have a seat, please.

19               (Pause in proceedings.)

20       THE COURT:  The Court calls Case Number 3:21-cr-440-M,

21   United States of America versus Speights.

22           Mr. Speights, do you have any questions about

23   anything at all we've covered before we took a break in your

24   case, sir?

25       THE DEFENDANT:  No, ma'am.

1          THE COURT:  As mentioned previously, you're proposing

2     to plead guilty to Count 1 of the Superseding Indictment that

3     charges you with conspiracy -- conspiracy to defraud the United

4     States and to pay and receive health care kickbacks, correct?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  Let me state for record purposes that

7     pursuant to Rule 5(f)(1) of the Federal Rules of Criminal

8     Procedure, the United States and its counsel are ordered to

9     comply with their disclosure obligations under

10    *Brady v. Maryland*, 373 United States 83, in the year 1963 and

11    its progeny.  Failure to do so may result in the dismissal of

12    charges, exclusion of evidence, adverse jury instructions, and

13    contempt proceedings or other appropriate sanctions.

14               Mr. Speights, did you see a copy of that

15    Superseding Indictment?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  And discuss it with your attorney?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  Did you read over the charges as well?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  Do you know what you're charged with, then,

22    by Count 1 of the Superseding Indictment?

23         THE DEFENDANT:  I do.

24         THE COURT:  At this point, sir, it would be appropriate

25    to have the charge read aloud here in court, but you may waive

1    the reading if you choose.  Would you like to have the charge

2    read aloud or to waive the reading?

3              THE DEFENDANT:  Waive.

4              THE COURT:  You also have the right to have explain to

5    you the essential elements of that offense, the essential

6    elements being what the Government would be required to prove

7    beyond a reasonable doubt before you could be convicted of that

8    offense.

9                   If you would look at the document titled

10   Factual Résumé in your case that was filed on January 13th of

11   this year.  Those elements are set out on Pages 1, 2, and 3.

12   I'm going to ask you to read -- review those elements and to

13   let me know when you're done.

14             THE DEFENDANT:  Yes, ma'am.

15             THE COURT:  Having reviewed them again, do you

16   understand what the elements of the offense to which you're

17   proposing to plead guilty are?

18             THE DEFENDANT:  I do.

19             THE COURT:  And do you admit that as to the charge

20   against you in Count 1 of the Indictment, each of those

21   essential elements -- of the Superseding Indictment, each of

22   those essential elements is satisfied by the evidence of your

23   conduct and/or the conduct of another or others for whom you

24   are criminally responsible?

25             THE DEFENDANT:  I do.

1          THE COURT:  Sir, you are appearing here today with

2   Mr. Kobre and -- Mr. Besen?

3          MR. WEBSTER:  Webster.

4          THE COURT:  Webster.  Okay.

5               Is there a third attorney?

6          MR. KOBRE:  There is a third attorney.

7          THE COURT:  Okay.  Mr. Webster and Mr. Besen as your

8   attorneys -- are your attorneys.  Have you been fully satisfied

9   with the representation and advice you received from each of

10  them in this case?

11         THE DEFENDANT:  I am.

12         THE COURT:  Mr. Speights, do you have in front of you

13  copies of -- in addition to the Factual Résumé, copies of the

14  Plea Agreement and the Plea Agreement Supplement filed in this

15  case?

16         THE DEFENDANT:  I do.

17         THE COURT:  Also, on January 13th.

18         MR. KOBRE:  Your Honor, we have the Plea Agreement but

19  not the supplement.

20         THE COURT:  Okay.

21         MR. KOBRE:  I apologize, Your Honor.

22         THE COURT:  That's okay.  I'm going to show you my copy

23  of the Plea Agreement Supplement.  And specifically, the last

24  two pages.

25               Are those your signatures on the Plea Agreement

1    Supplement, Mr. Speights?

2            THE DEFENDANT:  Yes, ma'am.

3            THE COURT:  Okay.  And have you seen the Plea Agreement

4    Supplement before?  Can you confirm that?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  Additionally, I'm going to ask you to look

7    at the signature page, Page 9, of the Plea Agreement.

8                    Is that your signature?

9            THE DEFENDANT:  Yes, Your Honor.

10           THE COURT:  And would you look, also, at the Factual

11   Résumé, the last page, Page 12, that we just went over a few

12   moments ago.

13                   Is that your signature?

14           THE DEFENDANT:  Yes, Your Honor.

15           THE COURT:  And before signing each of those documents,

16   did you read each of them in its entirety and discuss each one

17   with your attorneys -- or attorney?

18           THE DEFENDANT:  I did, yes, ma'am.

19           THE COURT:  Then, do you know and understand everything

20   that's stated in the Factual Résumé, the Plea Agreement, and

21   the Plea Agreement Supplement?

22           THE DEFENDANT:  I do.

23           THE COURT:  In your Plea Agreement, if you would look

24   at Page 3, there is a paragraph that starts on that page titled

25   Restitution, and it continues on Pages 4 and 5.  And it sets

1    out your agreement to pay restitution in this case.

2    Importantly, that it -- your agreement to pay restitution

3    includes an agreement to pay restitution for all loss for the

4    offense of conviction as well as any relevant conduct.  Is that

5    your understanding?

6              THE DEFENDANT:  Yes, ma'am.

7              THE COURT:  And do you understand the provisions that

8    are set out there on Pages 3, 4, and 5 governing your agreement

9    to pay restitution?

10             THE DEFENDANT:  I do.

11             THE COURT:  Importantly, on Page 5, there's also a

12   paragraph that's titled Exclusion from Medicare and other

13   Federal Health Care Programs, and it indicates that you -- your

14   understanding that you will be excluded from Medicare,

15   Medicaid, and all federal health care programs upon conviction.

16   Do you understand that?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  And do you have any questions about that?

19             THE DEFENDANT:  I do not.

20             THE COURT:  If you would go to Page 6 toward the

21   bottom, in particular -- and on Page 7, there's a paragraph

22   titled Waiver of Right to Appeal or Otherwise Challenge

23   Sentence in which you're doing basically that, agreeing to

24   waive your right to appeal and to otherwise challenge your

25   sentence and conviction in this case except under the very

1    limited circumstances that are specified in the third and last

2    line of that paragraph in which you specifically reserve the

3    right to bring a direct appeal of a sentence that exceeds the

4    statutory maximum punishment or is based on mathematical error

5    at sentencing and to challenge the voluntariness of the guilty

6    plea you're proposing to make today in this waiver we're

7    discussing at this moment and to bring a claim of ineffective

8    assistance of counsel.  But again, importantly, that you are

9    agreeing to waive your right to appeal and to otherwise

10   challenge your sentence and conviction in this case in all

11   other respects.

12               Is that your understanding of that provision?

13         THE DEFENDANT:  It is, Your Honor.

14         THE COURT:  When you were discussing that provision

15   with one or more of your attorneys, did they explain to you the

16   rights the law gives you to appeal and to otherwise challenge

17   your sentence and conviction in this case?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  Do you understand your rights in that

20   regard?

21         THE DEFENDANT:  I do.

22         THE COURT:  And do you agree to waive or give them up

23   to the extent it states in that paragraph of your Plea

24   Agreement?

25         THE DEFENDANT:  I do.

1          THE COURT:  Mr. Speights, are all the terms of your

2   agreement with the Government set out in the written Plea

3   Agreement and Plea Agreement Supplement?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Did you voluntarily and of your own free

6   will enter into the plea agreement and plea agreement

7   supplement?

8          THE DEFENDANT:  I did.

9          THE COURT:  Other than the written Plea Agreement and

10  Plea Agreement Supplement, has anyone made any promise or

11  assurance to you of any kind in an effort to induce you to

12  plead guilty?

13         THE DEFENDANT:  No, ma'am.

14         THE COURT:  Has anyone mentally, physically, or in any

15  other way attempt to force you to plead guilty?

16         THE DEFENDANT:  No, ma'am.

17         THE COURT:  Do you understand that if your guilty plea

18  is accepted, you'll be found guilty of the offense charged by

19  Count 1 of the Superseding Information and that your punishment

20  for that offense will be assessed somewhere within the range of

21  punishment provided by law?

22         THE DEFENDANT:  Yes, ma'am.

23         THE COURT:  Are you a citizen of the United States,

24  sir?

25         THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  Then you should understand because you're

2     proposing to plead guilty to a felony offense, that conviction

3     of a felony may deprive you of valuable rights of citizenship,

4     including the right to vote, to hold public office, to serve on

5     a jury, and to possess any kind of firearm or ammunition.  Do

6     you understand that?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  In addition to that, your plea agreement

9     sets out on Page 2 the maximum penalties the court can impose

10    in your case.  I know you reviewed it once, but I'm going to

11    ask you to take a look at that again here in court.

12    Paragraph 3.  And let me know when you've had time to review

13    again, sir.

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  Do you -- do you know and understand the

16    maximum penalties the court can impose in your case as are

17    stated there?

18         THE DEFENDANT:  I do.

19         THE COURT:  Do you understand that if you plead guilty

20    to Count 1 of the Superseding Information, you are subject to

21    all of those penalties and consequences stated there?

22         THE DEFENDANT:  I do.

23         THE COURT:  Do you also understand that if the sentence

24    you receive is more severe than you expect, you'll still be

25    bound by your guilty plea and you'll have no right to withdraw

1    it on that basis?

2           THE DEFENDANT:  Yes, ma'am.

3           THE COURT:  The plea agreement with the Government does

4    contemplate that the Government will dismiss or not pursue

5    other pending charges against you upon sentencing.  For that

6    reason, Judge Lynn has to determine whether to accept that plea

7    agreement.  If Judge Lynn does not accept your plea agreement

8    with the Government, you will be permitted to withdraw any

9    guilty plea you enter today pursuant to that plea agreement and

10   change it to not guilty.  You'll be given that choice.

11              Do you have any questions about that?

12          THE DEFENDANT:  I do not.

13          THE COURT:  Do you have any questions about anything at

14   all, sir, we have covered up to this point?

15          THE DEFENDANT:  I do not, Your Honor.

16          THE COURT:  Mr. Speights, how do you plead, then, to

17   Count 1 of the Superseding Indictment?  Guilty or not guilty?

18          THE DEFENDANT:  Guilty.

19          THE COURT:  Mr. Kobre, is Mr. Speights' guilty plea

20   consistent with your legal advice?

21          MR. KOBRE:  Yes, it is.

22          THE COURT:  Then, Mr. Speights, I will recommend that

23   Judge Lynn accept your guilty plea on the condition that

24   there's a factual basis to support it, and, again, in your case

25   that factual basis is supplied by the stipulated facts on

1    Pages 3 through 11 of the Factual Résumé that we've been

2    discussing here.

3                   Would you look at those stipulated facts on

4    Pages 3 through 11?  And let me know when you've had a chance

5    to re-review those.

6                   THE DEFENDANT:  Yes, Your Honor.

7                   THE COURT:  After taking the time to, again, review the

8    stipulated facts section, are you satisfied that you know and

9    understand everything that's stated there?

10                   THE DEFENDANT:  Yes, ma'am.

11                   THE COURT:  At this time it would be appropriate to

12   have the stipulated facts read aloud here in court, but you may

13   waive the reading if you choose.  Would you like to have the

14   stipulated facts read aloud or to waive the reading?

15                   THE DEFENDANT:  Waive.

16                   THE COURT:  Do you admit that the stipulated facts in

17   the Factual Résumé are true?

18                   THE DEFENDANT:  Yes, ma'am.

19                   THE COURT:  Mr. Kobre, are the stipulated facts in the

20   Factual Résumé consistent with the true facts as you understand

21   them?

22                   MR. KOBRE:  Yes, they are.

23                   THE COURT:  Then, Mr. Speights, based on my review

24   earlier of those stipulated facts and my satisfaction with the

25   responses given during this hearing, I find that you are fully

1    competent and capable of entering an informed plea and that

2    your guilty plea to the offense charged by Count 1 of the

3    Superseding Indictment is a knowing and voluntary plea

4    supported by an independent basis in fact containing each of

5    the essential elements of the offense charged by Count 1 of the

6    Superseding Information; and, therefore, sir, I am recommending

7    that Judge Lynn accept your guilty plea and pronounce you

8    guilty of that offense.

9              I'm making that recommendation in a written

10   report that will be filed today.  And so you have 14 days from

11   today to file any objection to my written report.

12             Sir, you are scheduled to be sentenced by

13   Judge Lynn on May 26th at 9:00 a.m., and the deadline for

14   issuing the presentence report in your case is April 4th.

15             Have you all received a copy of the pretrial

16   services officer's report in this case?

17        MR. KOBRE:  We have, Your Honor.

18        MR. LOPEZ:  The Government has, Your Honor, as well.

19        THE COURT:  Is the Government objecting to release on

20   conditions or moving to detain?

21        MR. LOPEZ:  No, Your Honor.  The Government's not

22   making any objections to the recommendation but is adding one

23   that has -- and spoken to defense counsel about it.

24        THE COURT:  You're requesting that a condition be

25   added?

1          MR. LOPEZ:  Yes, ma'am.  Yes, Your Honor.

2          THE COURT:  What is that?

3          MR. LOPEZ:  The condition that we're requesting is that

4    the Defendant not speak with his -- or have contact with his

5    co-defendants in this matter.

6          THE COURT:  I've already plan to include that.

7                Mr. Speights, the Government is not seeking to

8    detain you.  And based on that and the fact that -- the facts

9    of the pretrial services report, I am going to enter an order

10   setting conditions of release in your case.  Those conditions

11   will include that you must not violate any federal, state, or

12   local law while on release;

13               That you must appear in court as required,

14   specifically on May 26th at 9:00 a.m.;

15               And that it's further directed that if you are

16   convicted in this case and sentenced to a term of imprisonment,

17   that you must surrender to serve the sentence imposed by the

18   court as directed;

19               That you must submit to supervision by and

20   report for supervision to the pretrial services officer.

21   Although you will be supervised where you live, you'll report

22   to a supervise -- to a pretrial officer here first.  And so

23   that will be today.

24               You are to surrender any passport to the U.S.

25   district clerk for this court.  Do you have it with you by any

1    chance?

2          THE DEFENDANT:  It's at my hotel.

3          THE COURT:  I'm going to order that you surrender that

4    passport by 4:00 p.m. tomorrow.

5                That you not obtain another passport or any

6    other -- or type of international travel document;

7                That your travel will be restricted to the

8    continental United States;

9                That you are to avoid all contact, directly or

10   indirectly, with any person who may be a victim or witness in

11   the investigation or prosecution of this case, including the

12   co-defendants.  Those are the, of course, the other defendants

13   named in the indictment with you;

14               You are to -- not to possess a firearm,

15   destructive device, or other weapons;

16               You may not use alcohol excessively;

17               You may not use or possess any controlled

18   substance or narcotic drug that has not been prescribed for you

19   by your health care practitioner;

20               And, also, you may not use any synthetic or

21   natural substances to alter mood or cognitive ability, such as

22   CBD and hemp oils or products;

23               You must submit to testing for the use of

24   prohibited substance required by the pretrial services officer;

25               And you must not obstruct, or attempt to

1    obstruct, or tamper with the efficiency or accuracy of

2    prohibitive substance screen or testing;

3                    You're to report as soon as possible to the

4    pretrial services officer every contact you have with law

5    enforcement personnel, that would include arrest, questioning,

6    traffic stops whether or not you are issued a citation;

7                    You are -- will not, directly or indirectly, be

8    on Medicare or Medicaid or any other federal health care

9    program.

10                   I'm going to hand down this order setting

11   conditions of release for you to go over with your attorney

12   and -- or attorneys to the point that you understand the

13   conditions under which I'm releasing you and agree to abide by

14   them.  There's a place on the fourth and last page for you to

15   sign indicating that.  Also, on that page is an advice of

16   sanctions -- section that indicates the consequences of failing

17   to abide by the order setting conditions of release.  You'll

18   have to memorize them.  You'll get a -- a copy, but I'm

19   alerting that it states it there.

20                   And if you gentlemen would just let me know

21   when you're ready.

22           MR. KOBRE:  Thank you, Judge.

23                   Your Honor, just two -- two small questions.

24   One is with respect to the surrender of the passport, that's to

25   the clerk's office?

1          THE COURT:  Yes.

2          MR. KOBRE:  And -- and, second of all, Mr. Speights

3    does possess some firearms right now.  If he can have just some

4    time.  He, obviously, you know, possess them but it may take

5    some time for him to...

6          THE COURT:  How much time?  Because I figured you could

7    just call someone and be ready to transfer those to them before

8    you get back to your home.  How much time is it going to take?

9          THE DEFENDANT:  I'm driving home today.  I can give it

10   to my friends or whatever.

11         MR. KOBRE:  Okay.  Then we signed the -- the...

12         THE COURT:  Mr. Speights, I received back the order

13   setting conditions of release in your case, and it appears

14   you've now signed on the fourth and last page.  Is that your

15   signature I'm showing you, sir?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  Before you signed the order setting

18   conditions of release, did you have enough time to go over it

19   with your attorney?

20         THE DEFENDANT:  I did.

21         THE COURT:  Do you understand the conditions under

22   which I'm releasing you?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  And do you agree to abide by those

25   conditions?

1        THE DEFENDANT:  I do.

2        THE COURT:  Although, as I mentioned, it's contained in

3  the order itself, I am required to advise you here in court

4  that failing to appear in court as required is a crime for

5  which you may be sentenced to imprisonment.  It's a separate

6  criminal offense than what you've already been charged with or

7  pled guilty to.

8              If you violate any condition of release, a

9  warrant for your arrest may be issued and you may be jailed

10  pending your sentencing or any other further proceedings in

11  this case and also prosecuted for contempt of court.

12             Committing a crime while on release may lead to

13  more severe punishment than if you had committed the very same

14  offense when you were not under an order of pretrial release.

15  So it can act as an enhancement to the punishment for any

16  future offense.

17             It is a crime to try to influence, threaten,

18  attempt to bribe, retaliate against any juror or witness or

19  other person that may have information about this case, or to

20  otherwise obstruct the administration of justice.

21             Sir, do you understand the consequences of

22  failing to abide by the order setting conditions of release?

23        THE DEFENDANT:  Yes, ma'am.

24        THE COURT:  Then I am signing this order setting

25  conditions of release and ordering that you be released after

1   processing by the United States Marshals Service on this floor,

2   in their offices before you leave the courthouse.  I'm

3   specifically ordering you not to leave the courthouse before

4   you have been processed by the United States Marshals on the

5   16th floor, of this floor of the courthouse.

6                   And, again, there is a pretrial services

7   officer who's going to give you some preliminary reporting

8   instructions and how to report in your home division.

9                   Is there anything else that we should take up

10  in Mr. Speights' case today?

11          MR. KOBRE:  Not from the defense.

12          MR. LOPEZ:  Not from the Government.  Thank you, Your

13  Honor.

14          THE COURT:  Then, Mr. Speights, that concludes your

15  hearing today, sir.  Good luck to you.

16                   And the attorneys and you are excused.

17          COURT SECURITY:  All rise.

18            (WHEREUPON, the proceedings were adjourned.)

19                          * * * *

20

21

22

23

24

25

1              REPORTER'S CERTIFICATE

2              I, Thu Bui, CRR, RMR, Official Court Reporter,
   United States District Court, Northern District of Texas, do
3  hereby certify that the foregoing is a true and correct
   transcript, to the best of my ability and understanding, from
4  the record of the proceedings in the above-entitled and
   numbered matter.

5

6                          /s/ Thu Bui
                          Official Court Reporter
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25